IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **JENNIFER SMITH,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **AND WAL-MART, INC.,** | § | |
|     **Defendants.** | § | **JURY REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JENNIFER SMITH, by and through her counsel, and for her complaint against DEFENDANTS, alleges as follows:

### I.
### PARTIES

1. Plaintiff JENNIFER SMITH is and was a resident and citizen of the state of Texas and Harrison County at all times relevant to this action.

2. DEFENDANT WAL-MART STORES TEXAS, LLC ("WAL-MART TEXAS") is a foreign limited liability company and is a citizen of the state of Arkansas.

3. WAL-MART TEXAS is organized under the laws of Delaware, and at all times material and relevant hereto was engaged in business in Texas.

4. WAL-MART TEXAS was the operator of the business located on the premises where the incident occurred. WAL-MART TEXAS may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

5. DEFENDANT WAL-MART, INC. ("WAL-MART") is a foreign corporation and is a citizen of the state of Arkansas.

6. WAL-MART is organized under the laws of Delaware, and at all times material and relevant hereto was engaged in business in Texas.

7. WAL-MART, in conjunction with WAL-MART TEXAS is believed was the operator of the business located on the premises where the incident occurred. WAL-MART may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. §1332, in that it is a civil action between Plaintiff who is a Texas citizen, and Defendants who are all citizens of, incorporated in, and/or have their principal place of business in, a state other than Texas, specifically Arkansas, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper within the United States District Court for the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within United Sates District Court for the Eastern District of Texas, specifically Cass County.

## III.
## FACTUAL BACKGROUND

10. On April 24, 2021, Plaintiff was an invitee on property controlled and maintained by Defendant WAL-MART and/or WAL-MART TEXAS.

11. Said property is more specifically known as Wal-Mart Super Center, Store # 226 ("premises") located at 201 Loop 59, Atlanta, Texas 75551.

12. While walking in aisle A8 on the premises, Plaintiff slipped and fell in a puddle of liquid that was allowed to remain on the floor.

13. There were no warning signs present or any other signs of caution near the area where the incident occurred.

14. Plaintiff was not aware of the dangerous condition.

15. As a direct and proximate result of the incident, Plaintiff suffered physical injuries to her neck, lower back, and left shoulder.

## IV.
## CAUSES OF ACTION

### COUNT I
### PREMISES LIABILITY
### (Against All DEFENDANTS)

16. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action.

17. Defendants WAL-MART and WAL-MART TEXAS are liable under a premises liability theory. Accordingly, Plaintiff alleges the following:

   a) Defendants WAL-MART and WAL-MART TEXAS was in possession of the premises at 201 Loop 59, Atlanta, Texas 75551;

   b) Plaintiff entered Defendants WAL-MART and WAL-MART TEXAS' premises in response to Defendants' invitation for their mutual benefit;

   c) Conditions on Defendants WAL-MART and WAL-MART TEXAS premises posed an unreasonable risk of harm, i.e. collection of water allowed to remain on the floor;

   d) Defendants WAL-MART and WAL-MART TEXAS knew or should have known of the condition and the possible risk of injury prior to the incident;

   e) Defendants WAL-MART and WAL-MART TEXAS owed Plaintiff, duties to inspect the premises to make safe any dangerous condition or give adequate warning of such conditions;

   f) Defendants WAL-MART and WAL-MART TEXAS breached their duties; and

   g) Defendants WAL-MART and WAL-MART TEXAS' breach proximately caused Plaintiff to suffer severe personal injuries.

## COUNT II
## NEGLIGENCE
### (Against All DEFENDANTS)

18.     Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action

19.     Plaintiff states that Defendants WAL-MART and WAL-MART TEXAS were guilty of various acts of negligence and that each of the acts of negligence was a proximate cause of the injury and damages sustained by Plaintiff.

20.     Defendants WAL-MART and WAL-MART TEXAS had a duty to exercise ordinary care to provide a safe environment to those who enter the premises.

21.     Defendants WAL-MART and WAL-MART TEXAS breached that duty in committing the various acts of negligence, which include, but are not limited to:

   a) Failure to maintain the premises in a reasonably safe condition;

   b) Failure to ensure that their employees recognize, reduce and/or eliminate any unreasonably dangerous condition;

   c) Failure to assess the premises for the presence of the dangerous condition;

   d) Failure to correct the condition by taking reasonable measures to safeguard persons who are on the premises;

   e) Failure to give adequate warning to Plaintiff of the unreasonably dangerous conditions;

   f) Failure to recruit, select, and hire competent employees capable of recognizing, locating, preventing, reducing, eliminating, and warning about the unreasonably dangerous conditions;

   g) Failure to adequately train their employees in recognizing, locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions on the premises;

    h) Failure to adequately supervise their employees to ensure they are recognizing, locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    i) Failure to terminate employees incapable of recognizing, locating preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    j) Failure to exercise reasonable care to avoid a foreseeable risk of injury to others.

## COUNT III
## NEGLIGENT UNDERTAKING
### (Against All DEFENDANTS)

22. All factual allegations set forth hereinabove are adopted into this count as though set forth herein word for word.

23. Plaintiff further alleges Defendants WAL-MART and WAL-MART TEXAS undertook, for pecuniary benefit, to control the methods, policies and procedures, supervision, staffing, and conditions to safeguard patrons while on the premises.

24. Defendants WAL-MART and WAL-MART TEXAS assumed the duty to properly train, warn, and provide a safe premise to invitees.

25. Defendants WAL-MART and WAL-MART TEXAS failed to properly enact and incorporate policies and procedures, failed to properly supervise, and failed to properly train staff to identify safety hazards and provide a safe environment for invitees on the premises to the direct detriment of the Plaintiff.

26. Defendants WAL-MART and WAL-MART TEXAS undertook, for its pecuniary benefit, to supervise and control the manner and operation of the premises, and thus assumed a duty to train employees, implement safety policies and procedures, and protect the safety of patrons while on the premises under the Restatement (Second) of Torts § 323.

27. Plaintiff suffered harm because of Defendants WAL-MART and WAL-MART TEXAS' failure to exercise reasonable care in fulfilling those duties.

28. Defendants WAL-MART and WAL-MART TEXAS' failure to exercise reasonable care in fulfilling those duties increased the risk of harm to the Plaintiff, or in the alternative, Plaintiff was harmed in reliance upon Defendant WAL-MART's duty to properly warn her of dangers known to it, provide warning signs, and/or to properly train staff to inspect and identify dangers on the premises.

29. Defendants WAL-MART and WAL-MART TEXAS' acts or omissions are a proximate cause of the Plaintiff's damages resulting from this incident.

## COUNT IV
## PLAINTIFF JENNIFER SMITH'S DAMAGES
### (As to All DEFENDANTS)

30. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full herein.

31. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

32. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

33. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff JENNIFER SMITH suffered the following damages:

   a. Reasonable medical care and expenses in the past and which will, in all reasonable probability, be incurred into the future;

   b. Physical pain and suffering in the past and which will, in all reasonable probability, be suffered into the future;

   c. Physical impairment in the past and which will, in all reasonable probability, be suffered into the future;

   d. Loss of earnings and earning capacity in the past and in reasonable probability into the future;

   e. Mental anguish in the past and which will, in all reasonable probability, be suffered into the future;

   f. Disfigurement in the past and which will, in all reasonable probability, be suffered into the future;

   g. Loss of consortium in the past and which will, in all reasonable probability be suffered into the future.

## V.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

34. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section. Plaintiff seeks prejudgment and post judgment interest at the maximum legal rate.

## VI.
## JURY DEMAND

35. Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. As to all Counts and all DEFENDANTS, economic and non-economic damages to the Plaintiff according to proof including as applicable:

   b. Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

   c. Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

d. Loss of household services in the past and in all probability to be incurred into the future;

e. Non-economic damages for Plaintiff according to proof including as applicable:

f. Compensation for physical pain in the past and in reasonable probability will be sustained into the future;

g. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

h. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

i. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

j. Loss of consortium in the past and in all likelihood to be incurred into the future;

k. As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiffs according to proof;

l. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiffs as provided by law; and

m. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

**D. Miller & Associates, PLLC**

*/s/ Andy Rubenstein*
Andy Rubenstein
Attorney-In-Charge
Texas Bar No. 17360375
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
andy@dmillerlaw.com
Telephone: 713-850-8600
Facsimile: 713-366-3463
**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
D. Miller & Associates
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-366-3463